B2030 (Form 2030) (12/15)

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

In re  **Carole Hunter**  Case No. _____

Chapter  **13**_____

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---:|
   | For legal services, I have agreed to accept................................................................... | **$4,000.00** |
   | Prior to the filing of this statement I have received......................................................... | **$133.00** |
   | Balance Due....................................................................................................................... | **$3,867.00** |

2. The source of the compensation paid to me was:
   ☑ Debtor        ☐ Other (specify)

3. The source of compensation to be paid to me is:
   ☑ Debtor        ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b.  Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d.  [Other provisions as needed]

B2030 (Form 2030) (12/15)

**Any fee paid pre-petition in this case was a flat fee.**

**Determination of "no-look" fee per Local Bankruptcy Rule 2016(h)(1):**
**(A) If the attorney has not rendered legal services pertaining to automatic stay litigation occurring in the case, a formal fee application is not required so long as the attorney requests $3,500 or less for prepetition and post-petition services and expenses rendered or incurred prior to the earlier of: (1) the first successful post-confirmation modification of a Chapter 13 plan which occurs subsequent to the filing of the Trustee's Recommendation Concerning Claims; or (2) the filing of a certification by the Chapter 13 Trustee that all proofs of claim have been reconciled with the terms of the confirmed plan without the necessity of a plan modification. The $3,500 shall include all pre-petition payments received by such attorney. This threshold amount may be increased by $500 in a case involving a debtor engaged in business when so certified by the Chapter 13 Trustee in the Trustee's confirmation report.**

**(B) If the attorney has rendered legal services pertaining to automatic stay litigation occurring in the case, a formal fee application is not required so long as the attorney requests $4,000 or less for prepetition and post-petition services and expenses rendered or incurred prior to the earlier of: (1) the first successful post-confirmation modification of a Chapter 13 plan which occurs subsequent to the filing of the Trustee's Recommendation Concerning Claims; or (2) the filing of a certification by the Chapter 13 Trustee that all proofs of claim have been reconciled with the terms of the confirmed plan without the necessity of a plan modification. The $4,000 shall include all pre-petition payments received by such attorney. This threshold amount may be increased by $500 in a case involving a debtor engaged in business when so certified by the Chapter 13 Trustee in the Trustee's confirmation report.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:
**Any services performed subsequent to the earlier of the following events:**
**(1) the first successful post confirmation modification of plan occurring subsequent to filing of the TRCC; or (2) the filing of the certification by the Chapter 13 Trustee that all proofs of claim have been reconciled with the terms of the confirmed plan. Therefore, any fees for legal services performed after the occurrence of the events described above will be according to arrangements made between Debtor and counsel for Debtor, for which an amended/supplemental 2016(b) form will be filed.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| **04/21/2017** | **/s/ Steven S. Packard** | |
|---|---|---|
| *Date* | *Steven S. Packard* | Bar No.  15402590 |
| | Packard LaPray | |
| | 1240 Orleans | |
| | Beaumont, TX 77701 | |
| | Phone: (409) 832-2300 / Fax: (409) 833-8638 | |